UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                                              CASE NO.: 25-31187
                                                                                           CHAPTER 13

**Charles Ray Mosely**                                     **Bankruptcy Judge Eduardo V Rodriguez**
  **Debtor.**

_____/

**OBJECTION TO DEBTOR'S MOTION TO VACATE DISMISSAL OF CASE**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Secured Creditor"), by and through its undersigned counsel, files its Objection to Debtor's Motion to Vacate Dismissal of Case, and states as follows:

1. Debtor, Charles Ray Mosely, filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on March 3, 2025.

2. Secured Creditor holds a security interest in the Debtor's real property located at 3005 Nita Houston, TX 77051 by virtue of a Deed of Trust recorded as Document 20080527729 in the Official Public Records of Harris County. Said Deed of Trust secures a Note in the principal amount of $34,400.00. The loan is in default and due for July 2017.

3. Debtor's current Chapter 13 bankruptcy was filed on March 3, 2025, and was dismissed on May 20, 2025.

4. The Chapter 13 Trustee filed a Motion to Dismiss on April 2, 2025 for numerous reasons, and at the dismissal hearing on May 1, 2025, Debtor was ordered to file a Chapter 13 Plan by May 8, 2025 and attend the reset 341 meeting on May 14, 2025.

5. Debtor failed to file his Chapter 13 Plan and failed to attend the 341 meeting so Debtor's bankruptcy was dismissed.

6. Debtor's Motion to Vacate only references his failure to attend the 341 meeting and claims that he mistakenly confused the date and time and missed it unintentionally. Debtor further states that his failure to attend the 341 meeting was not due to lack of good faith or intent to prosecute his bankruptcy.

7. Secured Creditor disagrees with Debtor's statement that his inaction is not due to his lack of good faith or intent to prosecute his bankruptcy. Debtor has a pattern of filing bankruptcy cases, failing to attend the 341 meetings, failing to file his Chapter 13 Plan, and then having his cases dismissed due to his inaction.

8. Debtor has filed seven bankruptcy cases since 2012, four of which were Chapter 13.

9. This is Debtor's **third bankruptcy** since 2022 and in each of the three cases, Debtor failed to attend his 341 meeting. In Debtor's Chapter 13 bankruptcy cases, Debtor also failed to file his Chapter 13 Plan. Each bankruptcy case was dismissed shortly after filing because, among other reasons, Debtor failed to attend his 341 meetings and failed to file his Chapter 13 Plan. This reflects a pattern of bad faith, especially because each of the three bankruptcy cases cancelled scheduled foreclosure sales.

10. Debtor's Motion to Vacate fails to reference his failure to file his Chapter 13 Plan. As of June 26, 2025, Debtor has not filed his Chapter 13 Plan.

11. Debtor states that dismissal at this stage would deprive creditors of the potential for repayment. Debtor has had *at least seven* chances to repay his creditors during his seven bankruptcy cases. As stated above, Debtor's loan is due for July 2017. Debtor is not serious about repaying his creditors and this is reflected in his actions and inactions.

12. Debtor's prior cases are outline below:

    a. Southern District of Texas Bankruptcy Case Number 24-30473, Chapter 7 filed on February 05, 2024 and the petition was struck on April 09, 2024 due to Debtor's failure to attend pre-bankruptcy credit counseling. The Chapter 7 Trustee filed a Motion to Dismiss due to Debtor's failure to attend the 341 meeting. ***This filing canceled a Foreclosure sale.***

    b. Southern District of Texas Bankruptcy Case Number 22-33908, Chapter 13 filed on December 30, 2022 and dismissed on March 1, 2023 with 180 day prejudice period. The Chapter 13 Trustee's Motion to Dismiss listed numerous reasons for dismissal, which included failure to attend the 341 meeting and failure to file a Chapter 13 Plan. Debtor failed to attend the dismissal hearing. ***This filing canceled a Foreclosure sale.***

    c. Southern District of Texas Bankruptcy Case Number 20-32827, Chapter 13 filed on May 29, 2020 and dismissed on November 03, 2020. Debtor failed to attend the 341 meeting in this bankruptcy case as well. At the dismissal hearing, Debtor's attorney represented

to the Court that he lost contact with Debtor and had no reason to oppose the dismissal. See docket entry 87.

      d.      Southern District of Texas Bankruptcy Case Number 16-34831, Chapter 7 filed on September 29, 2016 and dismissed on December 14, 2016 for Debtor's failure to attend the 341 meeting.

      e.      Southern District of Texas Bankruptcy Case Number 13-34674, Chapter 7 filed on August 01, 2013 and dismissed on November 04, 2013 for failure to pay court filing fees.

      f.      Southern District of Texas Bankruptcy Case Number 12-38745, Chapter 13 filed on November 28, 2012 and dismissed on March 19, 2013 for failure to provide for payment in full of Secured Creditor claims.

13.    Debtor failed to file his Chapter 13 Plan as ordered by this Court, and yet he managed to file an Adversary Complaint against Secured Creditor's Servicer, Selene Finance, LP.

14.    Secured Creditor respectfully requests that Debtor's current Chapter 13 bankruptcy remain dismissed, that the Court impose a 180 day prejudice period to refiling another bankruptcy case, and dismissal of the adversary complaint.

15.    Debtor has failed to demonstrate newly discovered evidence as required under Fed. R. Civ. Pro. 59, made applicable to these proceedings by Fed. R. Bank. Pro. 9023.

16.    Debtor has also failed to establish sufficient grounds to vacate a dismissal as required under Fed. R. Civ. Pro. 60(b), made applicable to these proceedings by Fed. R. Bank. Pro. 9024.

17. Secured Creditor reserves the right to supplement or amend its response prior to the hearing scheduled.

**WHEREFORE**, Secured Creditor respectfully requests this Court deny Debtor's Motion to Vacate Dismissal of Case, impose a 180 day prejudice period to refiling another bankruptcy case, dismiss the adversary complaint, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Tricia Ann Morra*
Tricia Ann Morra, TXBN 24117700
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Secured Creditor
5601 Executive Drive, Suite 400
Irving, TX 75038
817-873-3080 Ext 53156
tmorra@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 26, 2025, I caused a true and exact copy of the foregoing, which was filed with the Clerk of Court, to be served either via CM/ECF, to those so authorized, or via United States Mail to the following parties:

**Charles Ray Mosely**   U.S. Mail
3005 Nita
Houston, TX 77051

*Trustee*
**Tiffany D Castro**
1220 Augusta Drive
Ste 500

Houston, TX 77057

**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

                                                  /s/*Tricia Ann Morra*
                                                     Tricia Ann Morra